(87 Misc. Rep. 414)

### CASEY v. CASEY et al.

(Supreme Court, Special Term, Albany County.   November, 1914.)

TRUSTS (§ 44*)—VERBAL TRUST—EXISTENCE—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to authorize a finding that the small balance of a sum placed in the hands of defendant, decedent's son, for payment of decedent's debts and funeral expenses, should be impressed with a verbal trust for the benefit of all of decedent's children.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 66–68; Dec. Dig. § 44.*]

Action by Thomas J. Casey against William H. Casey and others to impress certain money with a verbal trust.   Complaint dismissed. Judgment reversed 161 App. Div. 427, 146 N. Y. Supp. 348.

Ralph J. Cooper, H. C. Grupe, and Austin A. Yates, all of Schenectady, for plaintiff.

Visscher, Whalen & Austin, of Albany, for defendants Casey and others.

CHESTER, J.   John B. Casey died on the 28th day of January, 1911, leaving as his sole heirs at law and next of kin three sons, including the plaintiff, Thomas J. Casey, and the defendant William H. Casey, and three daughters, all of whom are parties to this action. Three days before he died he drew and delivered a draft upon the Albany County Savings Bank to the order of his son, the defendant William H. Casey, for $1,476.63, which was the balance standing to his credit in such savings bank, and the amount of such draft was withdrawn and deposited in a new account to the credit of said William H. Casey.   There was also a small account, amounting to $171 due the deceased for services as janitor of the hospital where he lived which was also turned over to the son William.

This action is brought for the purpose of impressing such moneys with a verbal trust for the benefit of all the children of John B. Casey and to procure a distribution of the fund among all his children. There was no claim on the trial of undue influence exercised by William upon his father.   All the parties practically agree that the money was impressed with a trust, but there is a disagreement between them as to just what the trust was.   Plaintiff claims in his complaint that the property was given to William in trust to pay the debts and funeral expenses of his father and to divide the balance among all the children.   The only testimony to support such a trust was given by the plaintiff himself, which was to the effect that his brother, the defendant William H. Casey, had admitted to him, or told him after his father's death, that there was between $1,300 and $1,400 in all, and that he had to pay his sister Nell $500 and the funeral expenses, and that:

"Father said that there would not be much left after that, and the rest was to be left to a sick benefit; anybody who was sick was to receive the money."

He further testified that no names of any of the children were mentioned.   The defendant William H. Casey denies that he ever made

any such statement to his brother. The defendant Charles, another brother, swore to the only conversation with the father concerning the matter. He testified, and it was a declaration against his interest, that the father said to William, while they were visiting him at the hospital a few days before his death:

"I want you to stay over until to-morrow and draw what money I have in the bank out. I want Nellie to have $400 or $500; the rest keep. If any of them are sick, you would be the one who would give out a dollar."

He also testified that the father said during the conversation, after he said to give Nellie $400 or $500: "Bury me and the rest keep." Charles also testified that his father told Miss McHugh, the matron of the hospital, that he wanted her to pay over to William what there was due to him from the hospital.

Out of the moneys transferred to William he has paid his sister Nellie $500, and the funeral expenses, amounting to $500 or $600 more; the large sum being accounted for by reason of the fact that there were undertaker's expenses to pay in Albany, as well as at Palmyra, where the body was taken for burial, besides the expense of fixing up the cemetery lot.

Two of the children join with the son William in denying that there was a trust such as the plaintiff claims. Another appeared in the action, but has not answered. Another served an answer, alleging that William obtained the money by undue influence; but no evidence was given in support of this contention, and on the trial it was disclaimed that any undue or improper influence was exercised.

It seems to me that the case is devoid of any evidence to justify a finding that the small balance remaining in the hands of William, after paying the debts and funeral expenses and making the payment to the sister, should be divided among the other children. The only finding that can be properly made under the evidence is that the moneys were given to William, charged with a trust to pay the debts and funeral expenses of his father, and not to exceed $500 to his sister Nellie, and to keep the balance, with a discretion wholly resting in him to give such sum as he deemed proper to any of the others who might be sick.

The complaint should be dismissed, with costs.

Complaint dismissed, with costs.